## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEONTE MARTIZE MCKAUFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-22-669-G |
| | ) |
| CHILD SUPPORT SERVICES et al., | ) |
| | ) |
| Defendants. | ) |

## <u>ORDER</u>

Plaintiff Deonte Martize McKaufman initiated this lawsuit on August 8, 2022. *See* Compl. (Doc. No. 1). The Court granted Plaintiff leave to proceed *in forma pauperis* shortly thereafter. *See* Doc. No. 4. On September 23, 2022, Plaintiff filed an Amended Complaint (Doc. No. 5), seeking one million dollars in damages and stating several claims against several defendants, including the Governor of Oklahoma, Secretary of State, the Oklahoma City Police Department, the Internal Revenue Service, the State Department, the Social Security Administration, Oklahoma Department of Human Services,[1] and Amazon. Defendant Oklahoma City Police Department and Defendant Oklahoma Department of Human Services have each filed a Motion to Dismiss (Doc. Nos. 14, 18, 19).

---

[1] Oklahoma Department of Human Services has entered an appearance on behalf of both "Child Support Services" and "Department of Social Services." *See* Doc. Nos. 16, 17. It represents that Plaintiff erroneously refers to Oklahoma Department of Human Services as "Child Support Services" and "Department of Social Services" in the Amended Complaint. *See* Doc. No. 19, at 1.

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the case if the Court determines at any time that the action fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Having reviewed the record, the Court concludes that such a dismissal is appropriate.

I.      *Standard of Review*

The Court applies the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that it employs for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  A complaint fails to state a claim upon which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense."  *Id.*  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74

(10th Cir. 1997) (noting that although courts construe pro se pleadings liberally they "will not supply additional factual allegations to round out a plaintiff's complaint").

II.    *Discussion*

In Plaintiff's Amended Complaint (Doc. No. 5), he alleges violations of multiple Uniform Commercial Code provisions, Constitutional Clauses and Amendments, and federal and state statutes without distinction as to which defendant violated what law. *See* Am. Compl. at 3-17.   Further, even liberally construing the Amended Complaint, the pleading contains, at most, bare legal conclusions.   For example, Plaintiff asserts in the Amended Complaint, under the heading "Statement of Claim," the following:

> Compelled compacts without consent to proceed In doing so [,] [d]isregarding the importance of the DEBTORS right to Freedom [o]f Information under the Privacy Act of 1974[,] Aid and Abet, Racketeering, Illegal conversion[,] Money Laundering, Bribery, Failure to file[,] Conspiracy, illegal restraint, Destraint, Money laundering[,] Identity Theft, Computer Fraud, Impersonating a PUBLIC OFFICE, Violation of The Privacy act of 1974, Unauthorized use and disclosure[,] Involuntary Servitude, Peonage, violation of separation of powers. . . .

*Id.* at 13.

Having reviewed the Amended Complaint, the Court finds no factual allegations pleaded therein.   Plaintiff refers to compelled compacts, racketeering, illegal conversion, illegal restraint, involuntary servitude, and much more, but does not state when, where, or

how these alleged acts occurred.  *See* Am. Compl. at 13-18.  Without factual allegations to support his claims, Plaintiff cannot state a claim upon which relief may be granted.

CONCLUSION

For the reasons explained above, Plaintiff's Amended Complaint (Doc. No. 5) must be dismissed without prejudice for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  Defendant Oklahoma City Police Department's Motion to Dismiss (Doc. No. 14) and Defendant Oklahoma Department of Human Services' Motion to Dismiss (Doc. Nos. 18, 19) are DENIED AS MOOT.  A separate judgment shall be entered.

IT IS SO ORDERED this 27th day of September, 2023.

CHARLES B. GOODWIN
United States District Judge